IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Felix Santiago, Jr., *individually and on behalf of his minor child, N.S.*, *Plaintiffs* <br><br> v. <br><br> City of New York <br> – and – <br> Officers Doe 1 - 4, *Defendants* | Case No. 25-CV-6539 <br><br> **COMPLAINT** <br><br> *JURY TRIAL DEMANDED* |

## **INTRODUCTION**

1) Plaintiffs Felix Santiago, Jr. ("SANTIAGO") and his minor child, "N.S.", were falsely and violently arrested by officers of the New York City Police Department ("NYPD") on February 1st, 2024.

2) In summary, NYPD officers aggressively approached a group of young teens after leaving school, baselessly accused them of unlawful conduct, and then arrested N.S. for not sufficiently respecting their (abuse of) authority, all while beating this *child* in the process. N.S. was never formally charged with a crime.

3) When N.S.'s father, SANTIAGO, went to pick up N.S. from the local NYPD precinct, he too was aggressively approached by officers, who eventually threw him to the ground and arrested him as well. SANTIAGO was booked and spent a night in jail, but his charges were, apparently, dropped and sealed.

4) SANTIAGO, on behalf of himself and his minor child, N.S., hereby sue the City and the respective two arresting officers for violating their civil rights.

## PARTIES

5) Plaintiff SANTIAGO is a natural person domiciled in Brooklyn, N.Y.

6) Plaintiff SANTIAGO also appears on behalf of N.S., a natural person under the age of 18 who is also domiciled in Brooking, N.Y.

7) Defendant City of New York is the municipality under which the NYPD operates.

8) Officer Doe 1 is a fictitious name for the officer who first placed handcuffs on N.S.

9) Officer Doe 2 is a fictitious name for the officer who caused an injury to the face of N.S. during his arrest[1].

10) Officer Doe 3 is the fictitious name for the officer who first placed handcuffs on SANTIAGO.

11) Officer Doe 4 is the fictitious name for the officer who caused an injury to SANTIAGO's head during his arrest[2].

12) Plaintiffs will seek to identify the true names of these officers during discovery and will amend their complaint to name them as soon as practicable.

## JURY DEMAND

13) Plaintiffs demand a trial by jury on all issues so triable.

---

[1] It is possible that discovery will uncover that Officer Doe 1 and Officer Doe 2 are the same person. That is, N.S. may have been hit by the same officer who placed the handcuffs on him.
[2] Likewise, discovery may uncover that Officer Doe 3 and Officer Doe 4 are the same person.

## JURISDICTION & VENUE

14) Personal jurisdiction is proper over the City of New York because it is a municipality situated, and is liable for the injury caused to Plaintiffs, within the district boundaries of this Court.

15) Personal jurisdiction is proper over Officers Doe 1 – 4 because they caused Plaintiffs' injury in, work in, and (upon information and belief) live in the State of New York.

16) Subject matter jurisdiction is proper over the Civil Rights Act claims pursuant to 28 U.S.C. § 1331 because they arise under federal law.

17) Subject matter jurisdiction is proper over the state law claims pursuant to 28 U.S.C. § 1367(a) because they are part of the same case or controversy as the federal claims.

18) Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because all defendants reside within this district and state, as well as pursuant to § 1391(b)(2) because the incident that gave rise to the complaint occurred within the district boundaries of this Court.

## ALLEGATIONS OF FACT

19) On February 1st, 2024, at or around 3 PM, N.S. was walking with friends on Bushwick Ave. on the border of Williamsburg and Bushwick (two Brooklyn neighborhoods) after the conclusion of a school day.

20) N.S. and his friends are all male teenagers of color, approximately 14 years of age at the time of the incident.

21) N.S. and his friends were not committing any crime, nor acting in a suspicious manner that would have caused a reasonable police officer to believe that they were.

22) At most, N.S. and his friends were talking loudly and engaging in ordinary horseplay with each other; they were not fighting, acting in a threatening manner, bothering others,

vandalizing property, stealing, drinking or possessing alcohol, using or possessing drugs, preparing to commit a crime, or fleeing the scene of a crime.

23) That N.S. and his friends were not engaged in criminal conduct would have been obvious to a reasonably prudent law enforcement officer viewing the scene from a short distance away.

24) While N.S. and his friends were walking, a car with NYPD markings approached them.

25) Several adults, including Officers Doe 1 & 2, exited the vehicle, identified themselves as officers of the NYPD, and ordered N.S. and his friends to stop.

26) The officers approached N.S. and his friends with an aggressive tone and posture.

27) Without seeking to further understand the dynamic or waiting for any substantial response from N.S., the officers pushed N.S. up against a wall and then down to the ground.

28) Both the wall and the ground were made of concrete, cement, brick, stone, or similar material.

29) N.S. was caused significant pain by the being pushed into a wall and the ground.

30) N.S. understood, at this time, that he was not free to go.

31) N.S. did not lose consciousness.

32) During this process, the officers yelled at N.S. and his friends, accusing them in generic terms of fighting and otherwise breaking the law.

33) N.S. and his friends verbally told the officers that they were all friends, that they were not fighting, and that they were not otherwise breaking the law.

34) The officers did not disengage once they learned that there was not a fight occurring (if that was even the true reason for the stop) and saw the absence of any other violations of the law.

35) Instead, Officer Doe 1 decided to take N.S. into custody and, assisted by the other officers on scene, placed N.S. in handcuffs.

36) During the processes of handcuffing N.S., or immediately thereafter, Officer Doe 2, punched N.S. in the face.

37) N.S. was an unarmed child in possession of no contraband.

38) N.S. was not violent with the officers or more aggressive than would be expected of any reasonable human being who had been accosted and slammed into concrete without cause.

39) There was no probable cause to arrest N.S. at any point during this interaction.

40) There was no reason to believe that there was probable cause to arrest N.S., and thus Officer Doe 1 did not have a reasonable belief of the same.

41) To the extent that there was arguable reasonable suspicion for briefly detaining N.S. at the beginning of the interaction – which N.S. denies – still absent was lawful justification to detain this child *by pressing him against a wall or onto the ground*.

42) And, regardless of reasonable suspicion or probable cause, there was no lawful justification for punching him in the face in order to effectuate the arrest.

43) N.S. was transported back to the NYPD 90th Precinct in Williamsburg, Brooklyn, where he remained for several hours.

44) N.S. was never told the reason for which he was arrested.

45) At some point after N.S. was transported to the 90th Precinct, SANTIAGO learned that his child had been arrested and being held in the precinct.

46) SANTIAGO arrived at the precinct and asked to see his son.

47) SANTIAGO was able to see his son, locked up and visibly injured, with an abrasion and bruising on his face.

48) SANTIAGO asked to speak with the officers who arrested his son.

49) SANTIAGO was directed by NYPD officers to leave the building.

50) SANTIAGO began to comply, and exited the building but continued to ask for the officers who arrested his son while just outside of the building.

51) Several adults wearing NYPD uniforms, including Officers Doe 3 & 4, converged on SANTIAGO.

52) Instead of disengaging once SANTIAGO was *outside of the police station*, Officer Doe 3 decided to arrest SANTIAGO, assisted by other officers on scene, and placed him in handcuffs.

53) There was no probable cause to arrest SANTIAGO at any point during this interaction.

54) There was no reason to believe that there was probable cause to arrest SANTIAGO, and thus Officer Doe 3 did not have a reasonable belief of the same.

55) During the arrest of SANTIAGO, Officer Doe 4 threw him to the ground, causing SANTIAGO's head to hit the concrete.

56) SANTIAGO believes he may have briefly lost consciousness or was otherwise so injured and disoriented that he lost moments of recollection after his head hit the concrete, but regained his consciousness and orientations moments later and was aware that he was now under arrest.

57) SANTIAGO was held at the 90th Precinct.

58) N.S. was ultimately released that day.

59) N.S. was not charged with any crime relating to this incident.

60) SANTIAGO, however, was sent to "central booking" to be "put through the system" (held until formal arraignment by a judge).

61) SANTIAGO was released after arraignment and after spending approximately 48 hours in custody.

62) SANTIAGO was directed to return to court a few weeks later by the judge or other court staff.

63) When SANTIAGO returned to court as directed, he met with a court-appointed lawyer, who told him home because his case was over.

64) SANTIAGO has no paperwork and does not know what his charge was.

65) Having searched by name, the undersigned counsel does not see a criminal case in New York's "eCourts" or "NYSCEF" portals that corresponds to this incident.

66) Based upon that information, the undersigned counsel believes that SANTIAGO's case was dismissed by the prosecution and is now sealed.

67) Within 90 days of this incident, both N.S. and SANTIAGO filed tort claims forms with the NYC Comptroller detailing this incident and claiming $2,500,000 in damages each.

68) A hearing pursuant to N.Y. Gen. Mun. Law 50-h was conducted for both N.S. and SANTIAGO on August 20th, 2024.

## CLAIMS FOR RELIEF

### Count 1 – Civil Rights Act, 42 U.S.C. § 1983

*Against Defendant Officer Doe 1 for False Arrest of N.S.*

69) N.S. has the right to be free from being restrained by the government absent lawful authority under the Fourth Amendment to the U.S. Constitution and Article I, § 12 of the New York Constitution.

70) Officer Doe 1 arrested N.S., resulting in his detention for several hours.

71) At the time of the arrest, Officer Doe 1 was employed by the City of New York and acting within the scope of his employment.

72) At the time of the arrest, Officer Doe 1 did not have probable cause, or a reasonable belief thereof, that N.S. had committed a crime.

73) At the time of the arrest, there were no applicable exceptions to the probable cause requirement.

74) N.S. was conscious of his confinement at all times.

75) N.S. did not consent to being confined.

76) N.S. suffered physical and other legal injuries as a result of this confinement.

77) As a result, Officer Doe 1 violated N.S.'s rights under both the Fourth Amendment and Article I, § 12.

78) Officer Doe 1 is therefore liable to SANTIAGO, on behalf of his minor child, N.S., for violating N.S.'s civil rights under the Civil Rights Act.

## Count 2 – Civil Rights Act, 42 U.S.C. § 1983

*Against Defendant Officer Doe 2 for Excessive Force upon N.S.*

79) N.S. has the right to be free from excessive force applied to him by local police officers under the Fourth Amendment to the U.S. Constitution and Article I, § 12 of the New York Constitution.

80) Officer Doe 2 struck N.S. in the face.

81) At the time he struck N.S., Officer Doe 2 was employed by the City of New York and acting within the scope of his employment.

82) There was no lawful justification for striking N.S. in the face.

83) N.S. did not consent to being struck by Officer Doe 2.

84) N.S. suffered physical and other legal injuries as a result of being struck.

85) As a result, Officer Doe 2 violated N.S.'s rights under both the Fourth Amendment and Article I, § 12.

86) Officer Doe 2 is therefore liable to SANTIAGO, on behalf of his minor child, N.S., for violating N.S.'s civil rights under the Civil Rights Act.

### Count 3 – False Arrest

*Against Defendant City of New York for False Arrest of N.S.*

87) Plaintiffs repeat and re-allege the allegations under Count 1, *supra*.

88) These allegations also meet the elements of false arrest under New York law.

89) The City of New York is liable for the state law torts of its employees, including Officer Doe 1, committed within the scope of their employment, under the doctrine of *respondeat superior*.

90) All conditions precedent to suit and liability have been met.

91) City of New York is therefore liable to SANTIAGO, on behalf of his minor child, N.S., for false arrest.

### Count 4 – Civil Battery

*Against Defendant City of New York for Excessive Force upon N.S.*

92) Plaintiffs repeat and re-allege the allegations under Count 2, *supra*.

93) These allegations also meet the elements of civil battery under New York law.

94) The City of New York is liable for the state law torts of its employees, including Officer Doe 2, committed within the scope of their employment, under the doctrine of *respondeat superior*.

95) All conditions precedent to suit and liability have been met.

96) City of New York is therefore liable to SANTIAGO, on behalf of his minor child, N.S., for battery.

## **Count 5 – Civil Rights Act, 42 U.S.C. § 1983**

*Against Defendant Officer Doe 3 for False Arrest of Santiago*

97) SANTIAGO has the right to be free from being restrained by the government absent lawful authority under the Fourth Amendment to the U.S. Constitution and Article I, § 12 of the New York Constitution.

98) Officer Doe 3 arrested SANTIAGO, resulting in his detention for several hours.

99) At the time of the arrest, Officer Doe 3 was employed by the City of New York and acting within the scope of his employment.

100) At the time of the arrest, Officer Doe 3 did not have probable cause, or reasonable belief thereof, that SANTIAGO had committed a crime.

101) At the time of the arrest, there were no applicable exceptions to the probable cause requirement.

102) SANTIAGO was conscious of his confinement at all times, save for perhaps a brief moment after his head hit the concrete and brief periods of sleep during his 48 hours in custody.

103) SANTIAGO did not consent to being confined.

104) SANTIAGO suffered physical and other legal injuries as a result of this confinement.

105) As a result, Officer Doe 3 violated SANTIAGO's rights under both the Fourth Amendment and Article I, § 12.

106) Officer Doe 3 is therefore liable to SANTIAGO for violating his civil rights under the Civil Rights Act.

### Count 6 – Civil Rights Act, 42 U.S.C. § 1983

*Against Defendant Officer Doe 4 for Excessive Force upon Santiago*

107) SANTIAGO has the right to be free from excessive force applied to him by local police officers under the Fourth Amendment to the U.S. Constitution and Article I, § 12 of the New York Constitution.

108) Officer Doe 4 struck SANTIAGO in the face.

109) At the time of the arrest, Officer Doe 4 was employed by the City of New York and acting within the scope of his employment.

110) There was no lawful justification for striking SANTIAGO in the face.

111) SANTIAGO did not consent to being struck by Officer Doe 4.

112) SANTIAGO suffered physical and other legal injuries as a result of this confinement.

113) As a result, Officer Doe 4 violated SANTIAGO's rights under both the Fourth Amendment and Article I, § 12.

114) Officer Doe 4 is therefore liable to SANTIAGO for violating his civil rights under the Civil Rights Act.

### Count 7 – False Arrest

*Against Defendant City of New York for False Arrest of Santiago*

115) Plaintiffs repeat and re-allege the allegations under Count 5, *supra*.

116) These allegations also meet the elements of false arrest under New York law.

117) The City of New York is liable for the state law torts of its employees, including Officer Doe 3, committed within the scope of their employment, under the doctrine of *respondeat superior*.

118) All conditions precedent to suit and liability have been met.

119) City of New York is therefore liable to SANTIAGO for false arrest.

## Count 8 – Civil Battery

*Against Defendant City of New York for Excessive Force upon Santiago*

120) Plaintiffs repeat and re-allege the allegations under Count 4, *supra*.

121) These allegations also meet the elements of civil battery under New York law.

122) The City of New York is liable for the state law torts of its employees, including Officer Doe 4, committed within the scope of their employment, under the doctrine of *respondeat superior*.

123) All conditions precedent to suit and liability have been met.

124) City of New York is therefore liable to SANTIAGO for battery

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief[3]:

i. Compensatory damages, for loss of liberty, pain, suffering, and garden-variety emotional distress, in the amount of $2,500,000 each, or in such other amount to be determined by the finder of fact.

ii. Punitive damages for the same, as allowed by law.

iii. Cost of the action.

iv. Reasonable attorney's fees, as allowed by law.

v. Pre- and post-judgment interest, as allowed by law.

vi. Any other such relief as the Court deems appropriate.

Dated: Brooklyn, NY
       November 24th, 2025

Respectfully submitted,

_____/s/Jonathan Corbett_____
Jonathan Corbett, Esq.
CA Bar #325608 (*pro hac vice pending*)
CORBETT RIGHTS, P.C.
Attorney for Plaintiff
5551 Hollywood Blvd., Suite 1248
Los Angeles, CA 90028
E-mail: jon@corbettrights.com
Phone: (310) 684-3870
FAX:   (310) 675-7080

---

[3] Plaintiff seeks for all damages to be awarded jointly and severally against the individual tortfeasor and the City of New York.